WELLS, J.
We have on appeal a decision of the Florida Public Service Commission relating to rates or service of an electric utility. We have jurisdiction. See art. V, § 3(b)(2), Fla. Const.
This case arises from an administrative hearing held before the Florida Public Service Commission (PSC) on November 20-21, 2001. The PSC held this hearing to comply with its continuing fuel and purchased power recovery clause and generating performance incentive factor proceedings. In its order below, the PSC approved new fuel and purchased power cost recovery factors for use during the 2002 calendar year for the state’s investor-owned electric utilities. In re Fuel and Purchased Power Cost Recovery Clause and Generating Performance Incentive Factor, Order No. PSC-01-2516-FOF-EI, 2001 WL 1677492 (Dec. 26, 2001). Florida Industrial Power Users Group (FIPUG) appeals the PSC’s decision with regard to one issue relating to the reasonableness of Tampa Electric Company’s (TECO) transactions with its unregulated wholesale affiliate Hardee Power Partners (HPP). The PSC concluded that the evidence presented at the hearing revealed that TECO’s transactions with HPP were reasonable.
The section of the PSC’s order that FIPUG appeals was addressed thoroughly by both parties in the administrative hearing below. FIPUG presented testimony that TECO’s transactions with its wholesale affiliate were substantially harming TECO’s retail customers. FIPUG asserted that, as a result of TECO’s activities, TECO’s retail customers were being forced to pay excessive fees as a result of these transactions and were effectively subsidizing TECO’s wholesale contracts. TECO in turn presented evidence that TECO’s cost-based purchases with HPP have been beneficial to TECO’s customers and that TECO has utilized its best efforts to take advantage of opportunities in the wholesale electric power market. TECO’s witnesses testified that TECO has acted prudently regarding these transactions and that FIPUG’s arguments were unsupported by evidence.
This Court’s review in this case is limited to whether the PSC’s action is supported by competent, substantial evidence. Panda-Kathleen L.P./Panda Energy Corp. v. Clark, 701 So.2d 322, 325-26 (Fla.1997). The record reveals that the PSC was presented with detailed, compet *752 ing testimony upon which to base its decision. The PSC weighed the evidence presented on this issue. We find that the PSC’s determination of reasonableness is supported by competent, substantial evidence. We therefore affirm the PSC’s order.
It is so ordered.
ANSTEAD, C.J., and SHAW, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.